CAROLYN McWHINNIE, complainant-respondent,

*v.*

WILLIAM McWHINNIE, defendant-appellant.

[Submitted February term, 1935. Decided May 17th, 1935.]

Mr. *Benjamin Gordon,* for the defendant-appellant.

Mr. *Norman L. Brundage,* for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

The defendant appeals from a decree setting aside an Ohio decree of divorce and requiring him to pay his wife a weekly sum of money for her maintenance. The parties were married in New York, and later established a matrimonial domicile in West Orange, in this state. The husband, a seafaring man, a few years thereafter separated from his wife, making provision for her support. Somewhat recently, he attempted to establish an Ohio residence and there procured a decree of divorce. His wife was neither served with process nor given actual notice of the suit, nor a reasonable opportunity to defend.

Assuming for the purpose of this decision that the husband acquired a domicile in Ohio, it is still essential to the validity here of the Ohio decree that "a substituted service has been

made in accordance with the provisions of the statute of that state, and that actual notice of the pendency of the suit has been given to the defendant and a reasonable opportunity afforded her to put in a defense thereto." *Felt* v. *Felt, 59 N. J. Eq. 606.*

The proofs in the Ohio proceeding indicate that Mrs. McWhinnie's last known address was New York, New York. Her husband's affidavit so stated, and besides that by the exercise of reasonable diligence he could discover no other address. An order of publication issued. The defendant's Ohio attorney made inquiry by letter of an attorney in New York, who had arranged a separation agreement between the parties, as to Mrs. McWhinnie's address in order that a petition and a notice of publication could be served upon her. The attorney replied that Mrs. McWhinnie preferred to be served, if possible, elsewhere than at her residence. Hearing nothing in reply to this suggestion, he again wrote reiterating the thought and stating that his client had been ill and that she intended to protect her name. The petition and notice were not mailed addressed to Mrs. McWhinnie in care of her attorney, so that she might appear and defend herself, but strangely enough a notice of publication was mailed to William McWhinnie at New York. Mrs. McWhinnie, lulled into security because neither petition nor notice were served upon her as the Ohio lawyer stated they desired to do, took no action until she received word of the consummation of an uncontested divorce proceeding and the loss of the stipulated payments which had long been made by her husband.

McWhinnie's Ohio lawyers had been informed that his wife was opposed to the Ohio proceedings. They also knew that although she desired service to be made elsewhere than at her own home, that she had a legal representative in New York City whose office address was available for the purpose of mailing registered mail. Good faith certainly required that notice be mailed to her addressed in the care of her attorney rather than to her husband. Obviously, if such notice had been given, the proceedings in Ohio would not have been consummated without contest.

Notice from a firm of lawyers that an action is pending is not a substitute for process. The service of the petition and notice of an order of publication is essential, if the defendant is to be given a reasonable opportunity to defend. In order to defend one must know the nature of the charges, the court where the action is pending and the time in which an answer must be made. An opportunity to defend, if the same can be given, is essential to the validity of a decree of divorce.

We are not, however, concerned in this case with the fraud upon the Ohio court, but since an opportunity could have been given to Mrs. McWhinnie to appear and defend, and none such was given, the proceeding was void.

William McWhinnie, when he made the affidavit as to the residence of his wife and his diligent inquiry concerning the same, caused steps to be taken which deprived his wife of actual notice of the proceeding. As before noted, he had lived with her for sometime in West Orange. They had relatives living there. For many years he had caused checks for her maintenance to be sent to her New York attorney. He made no inquiry of friends and relatives. It was only when notice of legal proceedings should be given to her that an uninformative and misleading affidavit was resorted to for the apparent purpose that she should be given no opportunity to defend.

Mrs. McWhinnie cannot be said to have evaded the service of process which seems never to have been attempted. All that was suggested was that she did not want the formal papers coming through to her residence. Such request was neither a waiver of formal process nor an evasion of service. The law requires more than informal knowledge of the commencement of an action where the parties are within the jurisdiction of the court and may be served with process. It also requires formal notice of pending actions to those outside the jurisdiction of the court when the same may be given. In the Ohio proceeding such notice could have been given. Mrs. McWhinnie could have been given actual notice of the suit in which she desired to appear and defend. This was not given nor was she advised as to where the action was

brought nor the time when she must appear. The Ohio proceeding, in so far as it might affect her rights, was therefore null and void. The defendant, William McWhinnie, having entered a general appearance in the proceeding instituted in this state was within the jurisdiction of its courts. Other matters argued need not be considered.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 10.

*For reversal*—PARKER, CASE, KAYS, JJ. 3.